# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH REDD, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:16-CV-1665 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Kenneth Redd's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). <u>Johnson</u> held that the Armed Career Criminal Act's[1] ("ACCA") residual clause is unconstitutional. The government opposes the motion, arguing that <u>Johnson</u> does not affect movant's sentence and he remains an armed career criminal because his ACCA predicate offenses were enumerated clause convictions, not residual clause violent felonies. The government also argues that movant's motion is not cognizable in a successive habeas action because it actually seeks relief based on statutory interpretation principles set forth in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and does not rely on a new rule of constitutional law, as required by 28 U.S.C. § 2255(h)(2). For the reasons stated below, the Court will grant movant's motion.

## I. Background

On July 15, 2005, movant was charged by criminal complaint and on August 11, 2005 was indicted and charged with: (1) being a felon in possession of a firearm in violation of 18 U.S.C.

---

[1] 18 U.S.C. § 924(e).

§ 922(g)(1); (2) tampering with evidence in violation of 18 U.S.C. § 1512(b)(2)(B); and (3) obstructing justice by tampering with a witness, victim or informant violation of 18 U.S.C. § 1512(c)(2). See United States v. Redd, No. 4:05-CR-458 CAS (E.D. Mo.) (Doc. 13).

Movant proceeded to trial and was found guilty by a jury of all three counts on December 7, 2005. (Docs. 57, 62, No. 4:05-CR-458.) A presentence investigation report ("PSR") was prepared after the guilty verdict. (Doc. 68, No. 4:05-CR-458.) The PSR stated that movant met the Armed Career Criminal provisions of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4(a) because he had at least six prior convictions for violent felonies. The PSR did not specify which of movant's convictions were for violent felonies. Movant's prior convictions included Missouri felony offenses of (1) second-degree burglary committed July 25, 1983, (2) first-degree robbery and Armed Criminal Action committed August 20, 1983,[2] (3) second-degree burglary committed September 1, 1983, (4) first-degree burglary, first-degree robbery, and Armed Criminal Action committed September 11, 1983, (5) second-degree burglary committed September 16, 1983, and (6) second-degree burglary committed September 21, 1983.

On February 23, 2006, the Court sentenced movant to 240 months on Count I, 120 months on Count II, and 240 months on Count III, all to be served concurrently, and a three-year period of supervised release. Movant appealed his sentence, but the Eighth Circuit Court of Appeals affirmed. United States v. Redd, No. 06-1637 (Mar. 15, 2007).

---

[2]Paragraph 43 of the PSR erroneously stated that movant was convicted of first-degree burglary in 1983. The government stated on the record at sentencing that the conviction was actually for first-degree robbery instead of first-degree burglary, and the Court ordered modification of PSR paragraph 43. Sent. Tr. 7:14-8:15 (Doc. 111 in No. 4:05-CR-458 CAS); Gov't Exs. 55 & 55A.

Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on September 22, 2008. The Court denied the motion as without merit and denied a certificate of appealability. Redd v. United States, No. 4:08-CV-1459 CAS (E.D. Mo.) (Order of Mar. 10, 2010). The Eighth Circuit declined to issue a certificate of appealability. Redd v. United States, No. 10-2398 (Oct. 4, 2010).

After the Supreme Court decided Johnson, movant filed a petition for authorization to file a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, which the Eighth Circuit Court of Appeals granted. Redd v. United States, No. 16-1969 (8th Cir. Oct. 24, 2016). The instant case was then filed.

**II. Legal Standard**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F.Supp.3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

**III. Discussion**

In the instant motion, movant asserts that none of his Missouri second-degree convictions for burglary of an inhabitable structure qualify as predicate offenses now that Johnson has declared the ACCA's residual clause unconstitutional. It is undisputed that movant has two convictions for

Missouri first-degree robbery, which are ACCA crimes of violence. The issue is whether any of movant's second-degree burglary convictions supply the necessary third crime of violence. The government opposes the motion, responding that despite Johnson, movant is still subject to the armed career criminal enhancement because his status does not rest on the ACCA's residual clause. The government asserts that movant's burglary convictions were classified as violent felonies under the enumerated clause of the ACCA, not the residual clause.

The government also asserts that movant's claims are not cognizable in a successive § 2255 habeas action, as his motion fails to meet 28 U.S.C. § 2255(h)(2)'s requirement that a successive motion be based on a new rule of constitutional law. The government argues that movant's "attack on his burglary convictions relates to a means/elements analysis of the Missouri burglary statute and is therefore *not* rooted in" Johnson, but instead is "rooted in Mathis, . . . a statutory interpretation case, not a case announcing a new rule of constitutional law." Gov't Response at 7.

Movant replies that his motion meets the requirements of § 2255(h)(2) as it is based on Johnson's new rule of constitutional law that is retroactive to cases on collateral review, Welch v. United States, 135 S. Ct. 2551 (2015), and which was previously unavailable to him. Movant states that because the definition of inhabitable structure used in Missouri's burglary statute is broader than generic burglary as defined in Taylor v. United States, 495 U.S. 575 (1990), see United States v. Bess, 655 F. App'x 518, 519 (8th Cir. 2016) (unpublished per curiam), his burglary conviction does not qualify as an ACCA enumerated predicate offense, but at the time of sentencing it qualified under the ACCA's residual clause based on Eighth Circuit precedent such as United States v. Hascall, 76 F.3d 902, 906 (8th Cir. 1996), and United States v. Bell, 445 F.3d 1086, 1090 (8th Cir.

2006). Movant correctly observes that at sentencing, the Court did not specify the basis on which it found the burglary convictions to be ACCA violent felonies.

*A. The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language, commonly known as the "residual clause," is the portion of the statute invalidated by Johnson, see 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(b)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563. Subsequently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1268.

*B. Movant Meets the Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states that a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Separately, Section 2255(h)(2) requires that a second or successive habeas motion must contain "a new rule of

5

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The government argues that movant's motion does not present a cognizable claim because it is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The government contends that movant attacks his second degree burglary convictions using a means/elements analysis of the Missouri burglary statute, and is therefore based on statutory interpretation principles set forth in Mathis, and not on the constitutional holding in Johnson that announced a new rule of federal law.

In Mathis, the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate, the modified categorical approach of analysis cannot be used if the statute itemizes various factual means of committing a single element of a crime, instead of listing multiple elements disjunctively. Mathis, 136 S. Ct. at 2248-53. Specifically, the Court held that because the elements of Iowa's burglary statute – which applies to "any building, structure, [or] land, water, or air vehicle" – are broader than those of generic "burglary" – which requires unlawful entry into a "building or other structure" – prior convictions under the Iowa burglary law cannot give rise to a sentence enhancement under the ACCA. Id. at 2256, 2257.

As this Court and other courts have recognized, it is Johnson, and not earlier Supreme Court decisions such as Mathis, that may offer persons such as movant relief from his status as an armed career criminal. See Darden v. United States, 2017 WL 168458, at *2 (E.D. Mo. Jan. 17, 2017); Givens v. United States, 2016 WL 7242162, at *3-4 (E.D. Mo. Dec. 15, 2016); Taylor v. United States, 2016 WL 6995872, at *3-5 (E.D. Mo. Nov. 30, 2016); Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Winston, __ F.Supp.3d __, 2016

6

WL 4940211, at *2 (W.D. Va. Sept. 16, 2016); United States v. Ladwig, 192 F.Supp.3d 1153, 1159-60 (E.D. Wash. 2016); United States v. Winston, 2016 WL 2757451, at *2-3 (W.D. Va. May 11, 2016).

This is because without Johnson's invalidation of the residual clause, movant would not have a claim under Mathis that he is not an armed career criminal. After Mathis, as the government concedes, movant's Missouri second-degree burglary conviction could no longer be a predicate ACCA violent felony as an enumerated offense, but the conviction would still have qualified as a predicate felony under the residual clause. See United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with Johnson's invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA enhancement." Ladwig, 2016 WL 3619640, at *4; see also Givens, 2016 WL 7242162, at *3; Taylor, 2016 WL 6995872, at *3; Winston, 2016 WL 4940211, at *2; Hayes, 2016 WL 4206028, at *2.

Because Johnson provides movant with an avenue of relief that was not previously available to him, his motion utilizes that decision and therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court accordingly rejects the government's argument.

*C. Movant Was Not Sentenced Under the ACCA's Enumerated Clause*

The government's remaining argument is that movant was sentenced under the ACCA's enumerated clause and therefore Johnson's invalidation of the residual clause does not affect his status as an armed career criminal.

7

The government points to nothing in the record to support its bare assertion that movant was sentenced as an armed career criminal under the enumerated clause rather than the residual clause. The Court has reviewed the indictment, the presentence report, and the sentencing transcript in the underlying criminal case. There is no mention in any of these documents as to the specific basis for movant's sentence under the ACCA. This is not surprising, as "[n]othing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence," In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016). At the time of movant's sentencing there was no need to distinguish between the enumerated and residual clauses, and no need to invoke any specific clause when the Court found that movant qualified as an armed career criminal. See Givens, 2016 WL 7242162, at *3 (citing United States v. Gabourel, __ F.Supp.3d __, 2016 WL 3453479, at *3 (W.D. Va. June 17, 2016)). The Court therefore rejects the government's unsupported argument that movant was sentenced under the ACCA's enumerated clause.

*D. Movant's Prior Convictions No Longer Qualify as Violent Felonies*

Movant argues that his Missouri second-degree burglary convictions no longer qualify as violent felonies now that the ACCA's residual clause has been invalidated. The government's Response does not address the merits of this argument, and instead only argues that movant's motion cannot succeed for the threshold reasons addressed above. The Court agrees with movant.

With the invalidation of the residual clause, movant's second-degree burglary conviction could only be a violent crime under the ACCA's enumerated clause, which defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior conviction will qualify as an ACCA predicate offense "if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136

S. Ct. at 2247. "That means as to burglary—the offense relevant in this case—that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. at 2248 (quoting Taylor, 495 U.S. at 598). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.[3]

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id. at 2248 (citing Taylor, 495 U.S. at 600-01). The elements of a crime are "the things the prosecution must prove to sustain a conviction" and are "what the jury must find beyond a reasonable doubt to convict the defendant[.]" Id. (citations and internal quotations omitted). In contrast, the facts of a crime are "extraneous to the crime's legal requirements" and have "no legal effect [or] consequence[.]" Id. (citations omitted).

At issue in Mathis was Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements—the place where a burglary can occur. Id. at 2248, 2250. The generic offense of burglary requires unlawful entry into a "building or other structure." Id. at 2250 (citing Taylor, 495 U.S. at 598). In contrast, the Iowa statute describes a broader range of places where a

---

[3]The Supreme Court's opinion in Mathis makes clear that the divisibility rule it announced is not a "new" rule. The Court stated that its conclusion was compelled by its precedents going back twenty-five years. See Mathis, 136 S. Ct. at 2247, 2251. Because Mathis did not announce a new rule, courts may apply the decision on collateral review. See Whorton v. Bockting, 549 U.S. 406, 414-416 (2007) (decision that clarifies existing law (and thereby reaffirms an "old rule") "applies . . . on collateral review"); Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) ("[W]hen we apply a settled rule . . . a person [may] avail herself of the decision on collateral review.").

burglary can be committed: "any building, structure *[or] land, water, or air vehicle*." Id. at 2250 (emphasis in original) (quoting Iowa Code § 702.12 (2013)). The Supreme Court concluded the statute's listed locations are not "alternative elements, going toward the creation of separate crimes" but rather are "alternative ways of satisfying a single locational element[.]" Id. (citations omitted). The Court held that Iowa's burglary statute was overbroad for the purposes of an ACCA enhancement because the statute's elements were broader than those of generic burglary. Id. at 2251, 2257.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2000). The statute does not define the term "building." Another statute defines the term "inhabitable structure" to include a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2000). Under the statute, a vehicle or structure is inhabitable regardless of whether a person is present. Id.

In Bess, the Eighth Circuit concluded that Missouri's second-degree burglary statute covers a broader range of conduct than generic burglary and, as a result, a conviction under the statute cannot qualify as a predicate violent felony under the categorical approach for ACCA sentencing. 655 F. App'x at 519. In United States v. Sykes, 844 F.3d 712 (8th Cir. 2016), petition for reh'g and reh'g en banc pending, the Eighth Circuit found that the Missouri second-degree burglary statute lists elements in the alternative and held it is therefore appropriate to apply the "modified categorical

approach" to determine whether a past conviction under the statute qualifies as a violent felony. Id. at 715. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249 (citing Taylor, 495 U.S. at 602). In Sykes, the government had introduced at sentencing the state court records of Sykes' burglary convictions, which included the indictments. 844 F.3d at 715.

The Eighth Circuit held that the Missouri second-degree burglary "statute contains at least two alternative elements: burglary 'of a building' and burglary of 'an inhabitable structure,' separated by the disjunctive 'or.'" Sykes, 844 F.3d at 715. The Court further held that second-degree burglary of a building conforms to the elements of a generic burglary promulgated in Taylor, and because burglary "of a building" describes an element of second-degree burglary rather than a means, its decision was consistent with Mathis' holding. Id.

In Sykes, the burglary of "an inhabitable structure" element of the Missouri statute was not before the Eighth Circuit for decision. That is the element at issue here, as it is undisputed that each of movant's second-degree burglary convictions were for burglary of an inhabitable structure. Applying the modified categorical approach, the Court concludes that Missouri's second-degree burglary of an inhabitable structure does not conform to the elements of generic burglary as set forth in Taylor, 495 U.S. at 598. As in Mathis, this is because the statutory definition of "inhabitable structure" incorporated into the statute is far broader than generic burglary, as it includes a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat.

11

§ 569.010(2). Indeed, the government concedes that "Mathis would alter the classification of these prior [second-degree burglary] convictions were this case on direct appeal or even on a first habeas petition[.]" Gov't Response at 4.

Because the element of Missouri's second-degree burglary statute for burglary of "an inhabitable structure" is overbroad and does not conform to the generic definition of burglary as defined in Taylor, a conviction under that element of the statute is not an ACCA crime of violence. Because all of movant's Missouri second-degree burglary convictions were for burglary of an inhabitable structure, none of the convictions are ACCA predicate offenses. Movant has therefore met his burden to show that his sentence is illegal, because the convictions could not have qualified as the necessary third ACCA conviction.

## IV. Conclusion

Under the Supreme Court's holding in Johnson, movant's Missouri convictions for second-degree burglary no longer qualify as a violent felonies under the ACCA. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Kenneth Redd's Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**. [Docs. 1, 4]

**IT IS FURTHER ORDERED** that the judgment and commitment in United States v. Kenneth Redd, No. 4:05-CR-458 CAS, filed February 23, 2006 (Crim. Doc. 69) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Redd. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Redd's detention order (Crim. Doc. 11) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 4:05-CR-458 CAS.

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of February, 2017.